UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNNE LOUGEE,<br><br>      Plaintiff,<br><br>v.<br><br>ALLEGIANT AIR, LLC, RHODE ISLAND AIRPORT CORPORATION and JOHN DOE CORP. 1-5,<br><br>      Defendants. | (Removed from Kent County Superior Court, No. KC-2021-0285) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Allegiant Air, LLC ("Allegiant" or "the Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, submit this Notice of Removal in accordance with 28 U.S.C. §§ 1332 and 1446. In support of this notice, the Defendant states as follows:

1. The Plaintiff, Lynne Lougee, filed a Complaint in the Superior Court of the State of Rhode Island, Kent County (the "State Court") on March 31, 2021, commencing this action captioned as *Lynne Lougee v. Allegiant Air, LLC, Rhode Island Airport Corporation, and John Doe Corp 1-5*, KC-2021-0285 ("the Subject Action").

2. The Complaint is attached as **Exhibit A**. Allegiant was served on April 8, 2021. *See* Summons, **Exhibit A**.

3. In the Complaint, the Plaintiff asserts claims for negligence arising out of a May 7, 2018 incident at T.F. Green Airport, in which the Plaintiff tripped and fell while exiting a plane. *See generally*, **Exhibit A**.

4. Upon information and belief, the combined monetary damages sought by the Plaintiff exceeds $75,000.

5. In Counts I, II, and III of the Complaint, the Plaintiff seeks damages against the Defendants for allegedly "willfully and/or recklessly and/or negligently" maintaining the premises, failing to warn of defective condition(s), and failing to repair defective condition(s). While the Counts do not specify an amount of damages sought by the Plaintiff, it states that, in addition to compensatory damages, Plaintiff's assertion of willful and/or reckless conduct indicates that she is seeking punitive damages in connection with her claims.

6. Given that the Plaintiff has indicated that she is seeking punitive damages, there is a "reasonable probability" that the amount in controversy requirement exceeds $75,000. *See* Deaton v. Liberty Mut. Grp., Inc., No. CV 17-233 WES, 2017 WL 5198182, at *1 (D.R.I. Nov. 9, 2017) (citing and quoting Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48–50 (1st Cir. 2009) (stating that the "reasonable probability standard is . . . for all practical purposes identical to the preponderance standard," but the "reasonable probability language better captures the preliminary nature of this [removal] inquiry") (internal quotations omitted)).

7. Here, the Plaintiff's compensatory damages are believed to be in excess of $75,000. The Defendant submits that there is a reasonable probability that the anticipated punitive damages available to Plaintiff were she to succeed on her claims of willful and/or reckless wrongdoing would cause the amount in controversy to exceed $75,000.

8. Thus, there is a reasonable probability that amount in controversy is greater than $75,000, based on the Plaintiff's claims. *See* 28 U.S.C. § 1332(a).

9. The Plaintiff is a resident of Taunton, Massachusetts, and is a citizen of Massachusetts. **Exhibit A** at ¶ 1.

10. Allegiant Air, LLC is a limited liability company organized and existing under the laws of Nevada and has a principal place of business in Nevada. **Exhibit C,** Declaration of Allegiant Air, LLC in Support of Notice of Removal at ¶ 3.

11. Allegiant Air, LLC has one member, Allegiant Travel Company, which is a corporation organized and existing under the laws of Nevada and has a principal place of business in Nevada. **Exhibit C**, at ¶ 4.

12. Defendant Rhode Island Airport Corporation is a corporation organized and existing under the laws of Rhode Island and has a principal place of business in Rhode Island. **Exhibit A** at ¶ 3.

13. For diversity jurisdiction purposes, citizenship of a LLC is "determined by the citizenship of all of its members." Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).

14. As the parties are citizens of different states, there is complete diversity of the parties. *See* 18 U.S.C. § 1332(a)(2).

15. Counsel for Allegiant Air, LLC spoke to the claims representative for Co-Defendant Rhode Island Airport Corporation on April 26, 2021, who indicated that Rhode Island Airport Corporation assents to removal.

16. This action is removable pursuant to 28 U.S.C. § 1332, pursuant to the Court's diversity jurisdiction.

17. This Notice of Removal is timely under 28 U.S.C. 1446(b) as it is filed within 30 days of service of the First Amended Complaint on the Defendants on April 8, 2021.

18. Pursuant to 28 U.S.C. 1446(d), a true and correct copy of this Notice of Removal is being filed this date with the Kent County Superior Court (**Exhibit B**).

19. The documents attached hereto as Exhibit A constitute copies of all the pleadings received by the Defendant to date.

WHEREFORE, the Defendant, Allegiant Air, LLC, hereby removes this action from the Kent County Superior Court to the United States District Court for the District of Rhode Island.

Respectfully submitted,

ALLEGIANT AIR, LLC,

By its attorneys,

 */s/ Thomas M. Bergeron*
Thomas M. Bergeron, Esq. (#8585)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
260 Franklin Street, 14th Fl.
Boston, MA 02110
Dated:  May 5, 2021                (617) 422-5362

### CERTIFICATE OF SERVICE

I, Thomas M. Bergeron, certify that on May 5, 2021, I caused the foregoing Notice of Removal to be served upon counsel by electronic mail as follows:

Scott P. Tierney, Esq.
ROB LEVINE & ASSOCIATES
544 Douglas Avenue
Providence, RI 02908
stierney@roblevine.com

 */s/ Thomas M. Bergeron*
Thomas M. Bergeron