# EXHIBIT A



# STATE OF RHODE ISLAND
## SUPERIOR COURT
### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2021-0285 |
| **Plaintiff**<br>Lynne Lougee<br>v.<br>Allegiant Air LLC et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Scott P. Tierney<br>**Address of the Plaintiff's Attorney or the Plaintiff**<br>544 DOUGLAS AVE<br>PROVIDENCE RI  02908 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant** → Corporation Service Company<br>1201 North Town Center Dr  222 Jefferson Blvd<br>Las Vegas NV  89144  Warwick |

**TO THE DEFENDANT, Allegiant Air LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 3/31/2021 | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

4/8/21

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND
## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Lynne Lougee  v.  Allegiant Air LLC et al.  **Defendant** | KC-2021-0285 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Allegiant Air LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
 Name of person of suitable age and discretion _____
 Address of dwelling house or usual place of abode _____

 Age _____
 Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
 Name of authorized agent _____
 If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
 _____

☐ With a guardian or conservator of the Defendant.
 Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
 Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND
## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
- ☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
- ☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
- ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: ___/___/___   SERVICE FEE $ _____
Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

**SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED**

Signature _____

State of _____
County of _____

On this _____ day of _____, 20____ before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: KC-2021-0285
Filed in Kent County Superior Court
Submitted: 3/31/2021 7:42 AM
Envelope: 3031074
Reviewer: Lindsay Z.

| | |
|---|---|
| STATE OF RHODE ISLAND<br>KENT, SC | SUPERIOR COURT |
| LYNNE LOUGEE | |
| Vs. | C.A. NO. |
| ALLEGIANT AIR, LLC, RHODE ISLAND AIRPORT CORPORATION and JOHN DOE CORP 1-5 | |

## COMPLAINT

### PARTIES

1. Plaintiff, LYNNE LOUGEE, is a resident of the City of Taunton, County of Bristol, and Commonwealth of Massachusetts.

2. Defendant, ALLEGIANT AIR, LLC (hereinafter "ALLEGIANT"), upon information and belief, is a Foreign Limited Liability Company with a principal office in the City of Las Vegas, County of Clark and State of Nevada.

3. Defendant, RHODE ISLAND AIRPORT CORPORATION (hereinafter "RIAC"), upon information and belief, is a Rhode Island corporation with a principal office located in the City of Warwick, County of Kent and State of Rhode Island.

4. Defendant JOHN DOE CORP 1-5 is an unknown corporation that has yet to be determined.

### JURISDICTION

5. The amount in controversy is sufficient to establish this Court's jurisdiction over this action.

### VENUE

6. Kent County Superior Court is the appropriate venue for this action.

1

Case Number: KC-2021-0285
Filed in Kent County Superior Court
Submitted: 3/31/2021 7:42 AM
Envelope: 3031074
Reviewer: Lindsay Z.

## RELEVANT FACTS

7. On or about May 7, 2018, and at all times material hereto, Defendant ALLEGIANT was legally conducting business as an airline at TF Greene Airport located at 2000 Post Road, in the City of Warwick, County of Kent and State of Rhode Island. ("Subject Premises") and was responsible for keeping and maintain the property within its control in a reasonably safe condition.

8. On or about May 7, 2018 and at all times material hereto, Plaintiff, LYNNE LOUGEE, was an invitee and lawfully at the Subject Premises.

9. At all times relevant hereto, Defendant RIAC was responsible for keeping and maintaining the property in a reasonably safe condition.

10. On or about May 7, 2018, Plaintiff was exiting an airplane at the Subject Premises, when she tripped and fell, due to an unreasonably dangerous condition.

## COUNT I

### (Negligence- ALLEGIANT)

11. The prior paragraphs are incorporated by reference as if set forth herein in their entirety.

12. At all times relevant hereto, Plaintiff LYNNE LOUGEE was lawfully present on the Subject Premises.

13. At all times relevant hereto, Defendant ALLEGIANT owed Plaintiff a duty of care to maintain the Subject Premises in a reasonably safe condition and to keep the Subject Premises free from unreasonably dangerous conditions.

Case Number: KC-2021-0285
Filed in Kent County Superior Court
Submitted: 3/31/2021 7:42 AM
Envelope: 3031074
Reviewer: Lindsay Z.

14. Under the circumstances, Defendant ALLEGIANT knew or should have known of the ground's unsafe, dangerous and/or defective condition.

15. On or about May 7, 2018, and/or prior thereto, Defendant ALLEGIANT breached said duty owed to Plaintiff in that it:

    a) willfully and/or recklessly and/or negligently permitted and allowed the Subject Premises to be and remain in said unsafe, dangerous and/or defective condition;

    b) willfully and/or recklessly and/or negligently failed to warn the Plaintiff of said unsafe, dangerous and/or defective condition; and/or

    c) willfully and/or recklessly and/or negligently failed to repair or correct said unsafe, dangerous and/or defective condition.

16. At all times relevant hereto, Plaintiff exercised due care under the circumstances.

17. As a direct and proximate result of Defendant ALLEGIANT's breach, Plaintiff sustained severe personal injuries, suffered extreme pain of the body and mind, incurred great expenses for proper medical care and treatment, suffered a loss of enjoyment of life, and will continue to suffer said injuries and incur said expenses in the future.

**WHEREFORE**, the Plaintiff, LYNNE LOUGEE, demands judgment against the Defendant ALLEGIANT in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

## **COUNT II**

### **(Negligence- RIAC)**

18. The prior paragraphs are incorporated by reference as if set forth herein in their entirety.

3

Case Number: KC-2021-0285
Filed in Kent County Superior Court
Submitted: 3/31/2021 7:42 AM
Envelope: 3031074
Reviewer: Lindsay Z.

19. At all times relevant hereto, Plaintiff LYNNE LOUGEE was lawfully present on the Subject Premises.

20. At all times relevant hereto, Defendant RIAC owed Plaintiff a duty of care to maintain the Subject Premises in a reasonably safe condition and to keep the Subject Premises free from unreasonably dangerous conditions.

21. Under the circumstances, Defendant RIAC knew or should have known of the ground's unsafe, dangerous and/or defective condition.

22. On or about May 7, 2018, and/or prior thereto, Defendant RIAC breached said duty owed to Plaintiff in that they:

    a) willfully and/or recklessly and/or negligently permitted and allowed the Subject Premises to be and remain in said unsafe, dangerous and/or defective condition;

    b) willfully and/or recklessly and/or negligently failed to warn the Plaintiff of said unsafe, dangerous and/or defective condition; and/or

    c) willfully and/or recklessly and/or negligently failed to repair or correct said unsafe, dangerous and/or defective condition.

23. At all times relevant hereto, Plaintiff exercised due care under the circumstances.

24. As a direct and proximate result of Defendant RIAC's breach, Plaintiff sustained severe personal injuries, suffered extreme pain of the body and mind, incurred great expenses for proper medical care and treatment, suffered a loss of enjoyment of life, and will continue to suffer said injuries and incur said expenses in the future.

Case Number: KC-2021-0285
Filed in Kent County Superior Court
Submitted: 3/31/2021 7:42 AM
Envelope: 3031074
Reviewer: Lindsay Z.

**WHEREFORE**, the Plaintiff, LYNNE LOUGEE, demands judgment against the Defendant RIAC in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

## COUNT III

### (Negligence- JOHN DOE CORP 1-5)

25. The prior paragraphs are incorporated by reference as if set forth herein in their entirety.

26. At all times relevant hereto, Plaintiff LYNNE LOUGEE was lawfully present on the Subject Premises.

27. At all times relevant hereto, Defendants JOHN DOE CORP 1-5 owed Plaintiff a duty of care to maintain the Subject Premises in a reasonably safe condition and to keep the Subject Premises free from unreasonably dangerous conditions.

28. Under the circumstances, Defendants JOHN DOE CORP 1-5 knew or should have known of the ground's unsafe, dangerous and/or defective condition.

29. On or about May 7, 2018, and/or prior thereto, Defendants JOHN DOE CORP 1-5 breached said duty owed to Plaintiff in that they:

    a) willfully and/or recklessly and/or negligently permitted and allowed the Subject Premises to be and remain in said unsafe, dangerous and/or defective condition;

    b) willfully and/or recklessly and/or negligently failed to warn the Plaintiff of said unsafe, dangerous and/or defective condition; and/or

Case Number: KC-2021-0285
Filed in Kent County Superior Court
Submitted: 3/31/2021 7:42 AM
Envelope: 3031074
Reviewer: Lindsay Z.

       c)     willfully and/or recklessly and/or negligently failed to repair or correct said unsafe, dangerous and/or defective condition.

30. At all times relevant hereto, Plaintiff exercised due care under the circumstances.

31. As a direct and proximate result of Defendants JOHN DOE CORP 1-5 is breach, Plaintiff sustained severe personal injuries, suffered extreme pain of the body and mind, incurred great expenses for proper medical care and treatment, suffered a loss of enjoyment of life, and will continue to suffer said injuries and incur said expenses in the future.

**WHEREFORE**, the Plaintiff, LYNNE LOUGEE, demands judgment against the Defendants JOHN DOE CORP 1-5 in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY.**

Plaintiff,
By her Attorney,

Rob Levine & Associates

*[signature]*

Scott P. Tierney, Esq., #4624
544 Douglas Avenue
Providence, RI 02908
(401)621-7000 (x150) Telephone
(401)621-7050 Facsimile
stierney@roblevine.com

6